T.C. Summary Opinion 2010-92

UNITED STATES TAX COURT

PHILIP LESLIE HOLT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 784-10S.                    Filed July 13, 2010.

Philip Leslie Holt, pro se.

<u>Lynette Mayfield</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,455 deficiency in petitioner's 2007 Federal income tax. The issue for decision is whether petitioner underreported his income by $5,000 on his 2007 Federal income tax return.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioner resided in Tennessee.

After retiring from service as a pilot in the U.S. Air Force, petitioner performed services as a pilot for Vol Air, L.L.C. (Vol Air). Pursuant to an oral agreement, petitioner would receive $1,160 on the 1st and 15th of every month during 2007. Of that amount, $100 was for reimbursement of petitioner's telephone bills and $220 was to cover petitioner's health insurance expense.

During 2007 Vol Air paid petitioner $29,000 and sent him a Form 1099-MISC, Miscellaneous Income, showing that $29,000 of nonemployee compensation had been paid to him during 2007.[2] On

---

[2]A transaction detail report provided by Vol Air, along with a list of checks provided by their parent company's financial reporting manager, show that petitioner received 25 checks, each for $1,160, during 2007. Petitioner received an additional check in 2007 because the final check from the prior year was actually paid to petitioner in January 2007.

Schedule C, Profit or Loss From Business, attached to his 2007 Federal income tax return, petitioner reported only $24,000 of that compensation and claimed $14,055 in business expense deductions.

### Discussion

Generally, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden of proof with respect to any factual issue shifts to the Commissioner if the taxpayer introduces credible evidence with respect to that issue. Rule 142(a)(2). Petitioner has neither claimed nor shown eligibility for a shift in the burden of proof.

Petitioner does not dispute that he received $29,000 from Vol Air in 2007. However, petitioner contends that $29,000 was an incorrect measure of his gross income because it included amounts that were intended as reimbursement for his telephone bills and health insurance expense and that this justified his decision to report the reduced amount of $24,000 as gross income.

Section 61(a) defines gross income as "all income from whatever source derived". Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Petitioner was paid compensation in

exchange for his services, and section 61(a)(1) requires that the payments be included in determining his gross income.

In determining a taxpayer's adjusted gross income, and ultimately his taxable income, any deductions that might be available are subtracted from gross income only after gross income has first been calculated. Secs. 62(a), 63(a). As a result, petitioner was incorrect in reducing the amount of gross income reported on his Schedule C. Instead, any deductions that might have been available to petitioner should have been claimed in arriving at adjusted gross income or taxable income. In this respect, we note that petitioner deducted $14,055 in business expenses on his Schedule C (including $1,839 for utilities), and he also claimed on Schedule A, Itemized Deductions, a deduction for medical expenses.

We hold that petitioner underreported his gross income by $5,000 on his 2007 Federal income tax return, and we sustain respondent's determination of a $1,455 deficiency.

To reflect the foregoing,

Decision will be entered

for respondent.